UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1989
_____

IN RE: KEVINO GRAHAM,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to 2:14-cr-00623)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 14, 2022
Before: KRAUSE, MATEY and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 30, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

Kevino Graham has filed a petition for a writ of mandamus requesting that we

direct the District Court to rule on his motion for a temporary injunction. For the

following reasons, we will deny the petition.

In 2016, a jury in the United States District Court for the Eastern District of

Pennsylvania found Graham guilty of sex trafficking by force and attempting to commit

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

that offense.  See 18 U.S.C. §§ 1591 and 1594.  The District Court sentenced him to 100 years in prison.  We granted the Government's motion to summarily affirm the District Court's judgment on direct appeal, see C.A. No. 17-3593, denied Graham's requests for a certificate of appealability following the District Court's denial of his motion under 28 U.S.C. § 2255 and his motion under Federal Rule of Civil Procedure 60(b), see C.A. Nos. 20-1631 and 22-1254, and denied his application for permission to file a second or successive § 2255 motion, see C.A. No. 22-1291.

In February 2022, Graham filed a motion for a temporary injunction, asking the District Court to change the jury instructions concerning offenses under § 1591.  (ECF 572.)  That motion remains pending.  Graham now asks us to direct the District Court to rule on that motion.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a District Court handle a case in a particular manner.  See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam).  That said, a writ of mandamus may issue where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction."  Madden, 102 F.3d at 79.

2

Graham's motion for a temporary injunction has been pending since February 2022. The delay presented here has not yet amounted to a failure to exercise jurisdiction, although if it continues the delay could present a matter of some concern. See Madden, 102 F.3d at 79. We are confident that the District Court will rule on Graham's pending motion in a timely manner.

Accordingly, we will deny the mandamus petition.[1] The denial is without prejudice to a renewed petition for a writ of mandamus if the District Court has not ruled on the motion for a temporary injunction within a reasonable time

---

[1] Petitioner's response to the Clerk's June 9, 2022 order, which we construe as a motion to be relieved from the service requirements of Federal Rule of Appellate Procedure 21(a)(1), is granted.